1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11

OSCAR TORRES ZUNIGA,                    1: 06 CV 00510 WMW HC

12
                      Petitioner,
13                                      MEMORANDUM  OPINION AND ORDER RE
                                        MOTION TO DISMISS PETITION FOR WRIT
14        v.                            OF HABEAS CORPUS

15
DARREL ADAMS,                           [Doc. 19]
16
                      Respondent.
17   _____/

18
         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
19
     pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to
20
     the jurisdiction of the United States Magistrate Judge.  Pending before the court is Respondent's
21
     motion to dismiss.
22
                            PROCEDURAL HISTORY
23
         On July 19, 2002, Petitioner pled no contest in Kings County Superior Court to transportation
24
     of methamphetamine and admitted allegations that he had sustained a prior conviction.  The trial
25
     court sentenced him to a determinate state prison term of eight years.
26
         Petitioner filed a direct appeal from his judgment of conviction and on December 24, 2003,
27
     the California Court of Appeal, Fifth Appellate District ("Court of Appeal") affirmed the judgment.
28

1    The California Supreme Court denied Petitioner's petition for review on March 30, 2004.

2           Petitioner filed the following three state habeas corpus petitions.

3    First Petition

4    December 5, 2003: petition for writ of habeas corpus filed in Court of Appeal

5    December 11, 2003: petition denied

6    Second Petition

7    February 6, 2004: petition for writ of habeas corpus filed in Court of Appeal

8    February 26, 2004: petition denied

9    Third Petition

10   March 9, 2004:  petition for writ of habeas corpus filed in California Supreme Court

11   January 12, 2005: petition denied.

12          Petitioner filed the present petition on April 28, 2006.

13                          **LEGAL STANDARD**

14   JURISDICTION

15          Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

16   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

17   the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

18   1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

19   the United States Constitution.  In addition, the conviction challenged arises out of the Kings

20   County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

21   2241(d).  Accordingly, the court has jurisdiction over the action.

22          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

23   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

24   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

25   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

26   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

27   *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

28   to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

1  AEDPA, thus it is governed by its provisions.

2  STANDARD OF REVIEW

3       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

4  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

5  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

6       The AEDPA altered the standard of review that a federal habeas court must apply with

7  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

8  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

9  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

10  involved an unreasonable application of, clearly established Federal law, as determined by the

11  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

12  determination of the facts in light of the evidence presented in the State Court proceeding." 28

13  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

14  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

15  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

16  concludes in its independent judgment that the relevant state-court decision applied clearly

17  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

18  that application must be objectively unreasonable." Id. (citations omitted).

19       While habeas corpus relief is an important instrument to assure that individuals are

20  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

21  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

22  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

23  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

24  determinations must be presumed correct, and the federal court must accept all factual findings made

25  by the state court unless the petitioner can rebut "the presumption of correctness by clear and

26  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

27  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

28  1388 (9th Cir. 1997).

1   <u>PROCEDURAL GROUNDS FOR MOTION TO DISMISS</u>

2   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition

3   if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is

4   not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

5   Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

6   Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

7   Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to dismiss under

8   Rule 4 of the Rules Governing § 2254 Cases.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420

9   (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189,

10  1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the

11  Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4

12  **DISCUSSION**

13  Respondent moves to dismiss this petition on the ground that it is untimely and barred by the

14  statute of limitations.  Petitioner opposes the motion.

15  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

16  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

17  (d) reads:

18  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The limitation
19  period shall run from the latest of –

20  (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
21
22  (B) the date on which the impediment to filing an application created by State
    action in violation of the Constitution or laws of the United States is removed, if the
23  applicant was prevented from filing by such State action;

24  (C) the date on which the constitutional right asserted was initially recognized by the
    Supreme Court, if the right has been newly recognized by the Supreme Court and made
25  retroactively applicable to cases on collateral review; or

26  (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

27  (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending shall
28  not be counted toward any period of limitation under this subsection.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     In this case, the California Supreme Court denied Petitioner's petition for review on March 30, 2004.  The time to seek direct review ended  90 days later on June 28, 2004, after the  period for seeking review in the United States Supreme Court expired.[1]  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court).  The one-year statute of limitations began running the next day on June 29, 2004, and, absent tolling, expired on June 28, 2005.

     Petitioner's first and second state habeas corpus petitions were filed and resolved before the statute of limitations began running on June 29, 2004.  The third petition was filed on March 29, 2004, and was pending in the court when the statute of limitations began running.  Therefore, Petitioner is entitled to statutory tolling from June 29, 2004, until his third petition was denied on January 12, 2005.  Thus, Petitioner is entitled to 197 days of statutory tolling.   The court thus finds that, absent any equitable tolling, the statute of limitations expired on January 12, 2006.

     The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (*en banc)* (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* <u>Kelly</u>, 163 F.3d at 541; <u>Beeler</u>, 128 F.3d at 1288-1289.

---

[1] <u>See</u> Sup.Ct. R. 13(1)

1    In this case, Petitioner contends that he is entitled to equitable tolling because lockdowns and

2 other unrest limited his access to the prison library.  The court finds, however, that unpredictable

3 lockdowns or library closures do not constitute extraordinary circumstances in prisons. For these

4 reasons, this court finds that the lockdowns and limited library access do not warrant equitable tolling

5 in this case. See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to

6 secure copies of transcripts from court reporters and lockdowns at prison lasting several days and

7 allegedly eliminating access to law library were not extraordinary circumstances and did not equitably

8 toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999)

9 ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances

10 sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine

11 restrictions of prison life must take such matters into account when calculating when to file a federal

12 [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay.");

13 Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns

14 do not constitute extraordinary circumstances warranting equitable tolling).

15    Petitioner also complains generally that the resources at the prison library were insufficient.

16 The court finds, however, that little or no legal research was required to submit the present petition,

17 because Petitioner was limited to claims he had already presented to the state courts.  Accordingly,

18 this does not constitute an extraordinary circumstance sufficient to support equitable tolling.

19    The court must conclude, therefore, that Petitioner has not carried his burden of demonstrating

20 that equitable tolling is warranted in this case.  The statute of limitations ran on January 12, 2006.

21 This petition, filed April 28, 2006, is therefore barred by the statute of limitations.

22

23    Based on the foregoing, IT IS HEREBY ORDERED as follows:

24 1)    Respondent's motion to dismiss is GRANTED;

25 2)    this petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

26    and

27 3)    the Clerk of the Court is directed to enter judgment for Respondent and to close this case.

28

1  IT IS SO ORDERED.

2  Dated:   **January 22, 2008**                    **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28